

COPY

1  G. Thomas Martin, III, Esq. (SBN 218456)
   Darin Shaw, Esq. (SBN 251037)
2  **PRICE LAW GROUP, APC**
   15760 Ventura Blvd., Suite 1100
3  Encino, CA  91436
   T: (818) 907-2030; F: (818) 205-2730
4  tom@plglawfirm.com

5  Attorneys for Plaintiffs,
   JULIE HERNANDEZ and JUAN HERNANDEZ
6

7

8              **UNITED STATES DISTRICT COURT**
9             **CENTRAL DISTRICT OF CALIFORNIA**
10                   CV13- 00893 MAN

11  JULIE HERNANDEZ and JUAN        )   **Case No.:**
    HERNANDEZ                        )
12                                   )   **COMPLAINT AND DEMAND FOR**
             Plaintiffs,             )   **JURY TRIAL**
13                                   )
                                     )   **(Unlawful Credit Reporting**
14  BAKER RECOVERY SERVICES;         )   **Practices)**
    MEDICREDIT, INC.; TRIDENT        )
15  ASSET MANAGEMENT, LLC.;          )   **Demand Does Not Exceed $10,000**
    EQUIFAX INFORMATION              )
16  SERVICES, LLC. and DOES 1 – 10,  )
    inclusive.                       )
17                                   )
                                     )
18                                   )
             Defendants.             )
19                                   )
                                     )
20  _____

21                       **COMPLAINT**
22

23      Plaintiffs   JULIE   HERNANDEZ   and   JUAN   HERNANDEZ

24  ("Plaintiffs" or collectively referred to as "Plaintiffs"), by their attorneys, Price

25  Law Group, APC, alleges the following against Defendants BAKER RECOVERY

                         COMPLAINT
                            - 1 -

SERVICES, MEDICREDIT, INC., TRIDENT ASSET MANAGEMENT, LLC., and EQUIFAX INFORMATION SERVICES, LLC.

## INTRODUCTION

1.     Count I of Plaintiff's Complaint against BAKER RECOVERY SERVICES, MEDICREDIT, INC., and TRIDENT ASSET MANAGEMENT, LLC. is based on the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

2.     Count II of Plaintiff's Complaint against Equifax Information Services, LLC is based on the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## VENUE AND JURISDICTION

3.     Jurisdiction of this court arises pursuant to 15 U.S.C. § 1681(p), which states that such actions may be brought and heard before "any appropriate United States district court, without regard to the amount in controversy."

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.     Plaintiff, JULIE HERNANDEZ, is a natural person who resides in the City of Cerritos, Los Angeles County, California.  Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 603(c).

COMPLAINT

- 2 -

6.      Defendants BAKER RECOVERY SERVICES, MEDICREDIT, INC., and TRIDENT ASSET MANAGEMENT, LLC are organizations with branches throughout California and the United States.  At all relevant times herein, the aforementioned Defendants were an entities which engaged in the practice of providing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" as discussed in 15 U.S.C. § 623 and other sections of the FCRA.

7.      Defendant Equifax Information Services, LLC is a national corporation.  At all relevant times herein, both Defendant Equifax is an entity which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing consumer reports to third parties, and used some mean or facility of interstate commerce for the purpose of preparing or furnishing consumer reports,  and is therefore a "consumer reporting agency" as defined by 15 U.S.C. §603(f).

8.      Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

9.   Plaintiff owed a consumer debt to creditors Baker Recovery, Medicredit, and Trident Asset at various different times.

10.   Defendants have now re-aged Plaintiff's debts with these creditors and are reporting these stale debts as owing.  Defendants re-aged all of these debts to June or July of 2012 when all of these debts were originally due much earlier. By so doing, Defendants have reported these debts as due and owing and that they are recent debts.  Creditor Baker Recovery is reporting a debt opened in March of 2009 as a new debt in June of 2012.  Creditor Medicredit is reporting a debt opened in March of 2012 as a new debt in July of 2012.  Creditor Trident Asset is reporting a debt opened in October of 2008 as a new debt in July of 2012.

11.   As of this filing, Plaintiff's credit report from Equifax is still erroneous. Both of these stale debts have been re-aged and are being reported as due and owing and as recently acquired debt.   Plaintiff has taken no action which would cause for the debt to be new and owing and has not recently paid on these accounts.

12.   Plaintiff has contacted Defendants via a dispute letter in order that they correct the erroneous marks from her credit record to no avail.

13.   To date, the negative information reported by Defendants remains on Plaintiff's Equifax report as the aforementioned erroneous remark.

14.   Despite Defendant's representations on the credit report that the credit report is accurate and comports with the FCRA, Defendant has still re-aged a stale debt which should not be collected on.

15.   Despite Plaintiff's exhaustive efforts to date to remove this balance, Defendants have nonetheless repeatedly, deliberately, willfully, intentionally, recklessly, and negligently failed to perform reasonable investigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to include accurate information, have failed to report on the results of the reinvestigations to all credit reporting agencies, have failed to note the disputed status of the inaccurate information and has continued to report the derogatory information about Plaintiff.

16.   Plaintiff has applied for and been denied loans and extensions of consumer credit, and Plaintiff is informed and believes and was informed that the basis for these denials was the inaccurate and erroneous information that appears on Plaintiff's credit report.

17.   As a result of Defendants' conduct, Plaintiff has suffered actual damages and serious financial and pecuniary harm arising from monetary losses related to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including, but not limited to, local or long distance telephone charges, postage,

faxing and other related costs, all of which will continue into the future to Plaintiff's great detriment and loss.

18.   As a result of Defendants' conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

19.   As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

20.   As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the negative entry appearing on Plaintiff's credit file. Plaintiff has also been unable to get a home loan due to her credit score being affected.

## COUNT I –FIRST CLAIM FOR RELIEF

## DEFENDANTS BAKER RECOVERY SERVICES, MEDICREDIT, INC., AND TRIDENT ASSET MANAGEMENT, LLC., VIOLATED THE FAIR CREDIT REPORTING ACT, (FCRA), 15 U.S.C. § 1681 *et seq.*

**(Plaintiffs v. Creditors )**

21.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

23.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

24.     Pursuant to 15 U.S.C. §1681n and 15 U.S.C. § 1681o, Defendants are liable to the Plaintiff for engaging in the following conduct:

(a)     willfully and negligently failing to conduct an investigation of the inaccurate information that plaintiff disputed;

(b)     willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to Defendant Equifax;

(c)     willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies.

(d)     willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

(e)     willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by plaintiff.

(f)      willfully and negligently failing to provide all credit reporting

agencies with the factual information and evidence that Plaintiff submitted to

Defendant Equifax, and which proved that the information concerning the

Plaintiff's credit reports was inaccurate;

(g)      willfully and negligently continuing to furnish and disseminate

inaccurate and derogatory credit, account and other information concerning the

Plaintiff to credit reporting agencies and other entities; and

(h)      willfully and negligently failing to comply with the requirements

imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

25.      The conduct of Defendants was a direct and proximate cause, as well

as a substantial factor, in bringing about the serious injuries, actual damages and

harm to the Plaintiff that are outlined more fully above, and, as a result, all

aforementioned Defendants are  liable to the Plaintiff for the full statutory, actual

and punitive damages, along with the attorneys' fees and the costs of litigation, as

well as such other further relief, as may be permitted by law.

## COUNT II –SECOND CLAIM FOR RELIEF

## DEFENDANT EQUIFAX  VIOLATED THE FAIR CREDIT REPORTING

## ACT, (FCRA), 15 U.S.C. § 1681 *et seq.*

## (Plaintiff v.  Equifax)

26.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

27.     At times pertinent hereto, Defendant was a "person" and a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(b) and (f).

28.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

29.     Defendant Equifax violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §s(2)(b);

(a)     willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from the Plaintiff, in violation of 15 U.S.C. § 1681i(a);

(b)     willfully and negligently failing to provide prompt notice of the inaccurate information and plaintiff's dispute to the furnishing entities in violation of 15 U.S.C. §1681i(a);

(c)     willfully and negligently failing to provide all relevant information provided by the Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. § 1681i(a);

(d)     willfully and negligently failing to review and consider all relevant information submitted by the Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

(e)     willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation in violation of 15 U.S.C. § 1681i(a);

(f)     willfully and negligently failing to note the dispute of the inaccurate information and in subsequent consumer reports in violation of 15 U.S.C. § 1681i(a);

(g)     willfully and negligently failing to timely and properly investigate the inaccurate information after receiving notice of the dispute from the Plaintiff;

(h)     willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report information and file, in violation of 15 U.S.C. § 1681e(b);

(i)     willfully and negligently failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and

(k)     willfully and negligently continuing to report the inaccurate information despite having knowledge of its inaccuracy and/or inability to be verified

30.     Defendant Equifax's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant Equifax is

liable to compensate the Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by law.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

a) Actual damages;

b) Statutory damages;

c) Punitive damages;

d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o.

e) Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

DATED: February 6, 2013        **PRICE LAW GROUP APC**

By: _____

G. Thomas Martin, III
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiffs, JULIE HERNANDEZ and JUAN HERNANDEZ, demand trial by jury in this action.

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

JULIE HERNANDEZ and JUAN HERNANDEZ

_____
*Plaintiff*

v.

BAKER RECOVERY SERVICES, et al. *see attached*

_____
*Defendant*

)
)
)
)
)
)
)

CV13-00893 MAN

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:     G. Thomas Martin, III, Esq. (SBN 218456)
PRICE LAW GROUP, APC
15760 Ventura Blvd., Suite 1100
Encino, CA  91436
T: (818) 907-2030; F: (866) 397-2030
tom@plglawfirm.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date: _____
FEB - 7 2013

CLERK OF COURT
**JULIE PRADO**

_____
*Signature of Clerk or Deputy Clerk*

1154

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify)*:



My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

G. Thomas Martin, III, Esq. (SBN 218456)
Darin Shaw, Esq. (SBN 251037)
**PRICE LAW GROUP, APC**
15760 Ventura Blvd., Suite 1100
Encino, CA  91436
T: (818) 907-2030; F: (818) 205-2730
tom@plglawfirm.com

Attorneys for Plaintiffs,
JULIE HERNANDEZ and JUAN HERNANDEZ

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE HERNANDEZ and JUAN HERNANDEZ <br><br> Plaintiffs, <br><br> BAKER RECOVERY SERVICES; MEDICREDIT, INC.; TRIDENT ASSET MANAGEMENT, LLC.; EQUIFAX INFORMATION SERVICES, LLC. and DOES 1 – 10, inclusive. <br><br> Defendants. | Case No.: <br><br> **ATTACHMENT TO SUMMONS IN A CIVIL ACTION** |

## ATTACHMENT TO SUMMONS

//

//

//

ATTACHMENT TO SUMMONS IN A CIVIL ACTION

- 1 -

Defendant's name and address:
BAKER RECOVERY SERVICES
1505 E 17th St # 230
Santa Ana, CA 92705

Defendant's name and address:
MEDICREDIT, INC.
3 City Place Drive, Suite 690
St. Louis, MO 63141

Defendant's name and address:
TRIDENT ASSET MANAGEMENT, LLC.
5755 N Point Pkwy
Alpharetta, GA 30022

Defendant's name and address:
EQUIFAX INFORMATION SERVICES, LLC.
1550 Peachtree St NE
Atlanta, GA 30309

RESPECTFULLY SUBMITTED,

DATED: February 7, 2013        **PRICE LAW GROUP APC**

By: _____
G. Thomas Martin, III
Attorney for Plaintiff

ATTACHMENT TO SUMMONS IN A CIVIL ACTION

- 2 -

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
JULIE HERNANDEZ and JUAN HERNANDEZ

**DEFENDANTS**
BAKER RECOVERY SERVICES; MEDICREDIT, INC.; TRIDENT ASSET MANAGEMENT, LLC.; EQUIFAX INFORMATION SERVICES, LLC. and DOES 1 – 10, inclusive.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
G. Thomas Martin, III (SBN 218456)
PRICE LAW GROUP, APC
15760 Ventura Blvd., Suite 1100, Encino, CA 91436

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No  ☑ **MONEY DEMANDED IN COMPLAINT: $** according to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Unlawful Debt Collection Practices

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☑ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

**CV13-00893**

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08) — CIVIL COVER SHEET — Page 1 of 2

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Missouri<br>Georgia<br>Georgia |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _[signature]_  Date 02/07/2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |